IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BILL DAVIS; PHYLLIS DAVIS,<br><br>　　　　Defendants.<br>_____/ | No. 2:13-cv-1159 TLN DAD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　By Notice of Removal filed June 10, 2013, this unlawful detainer action was removed from the San Joaquin County Superior Court by defendant Bill Davis, who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

　　　　At the outset, defendants are advised that one party proceeding pro se may not represent any other party proceeding pro se. See Local Rule 183. Thus, each document submitted for filing by defendants must bear the signatures of all defendants. In this regard, the Notice of Removal should have been signed by each of the two defendants named in this action, but was signed only by defendant Bill Davis. See United Computer Systems, Inc. v. AT & T

1

1  Corp., 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a
2  state court must join in a petition for removal . . .").

3        Moreover, it is well established that the statutes governing removal jurisdiction
4  must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062,
5  1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).
6  See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of
7  Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction
8  must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v.
9  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction
10 falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930,
11 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See
12 also Provincial Gov't of Martinduque, 582 F.3d at 1087. In addition, "the existence of federal
13 jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
14 those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d
15 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject
16 matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

17       In removing this action, defendant Bill Davis alleges that "Federal question
18 jurisdiction exists because Defendants' demurrer, a pleading depend (sic) on the determination of
19 Defendants' rights and Plaintiff's duties under federal law." (Notice of Removal (Doc. No. 1) at
20 2-3.) Specifically, defendant Bill Davis alleges that plaintiff has "failed to comply" with 12
21 U.S.C. § 5220. (Id. at 2.)

22       It is evident, however, from a reading of plaintiff's complaint that this is nothing
23 more than a garden-variety unlawful detainer action filed against the former owner of real
24 property located in California and that it is based wholly on California law. As such, the
25 complaint does not involve any "claim or right arising under the Constitution, treaties or laws of
26 the United States" that would have permitted plaintiff to file this action originally in federal

court. See 28 U.S.C. § 1441(b).  Moreover, it is evident from defendant Bill Davis's Notice of Removal that any federal claims in this action arise solely from defendants' own affirmative defenses and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl. Remediation, LLC, 213 F.3d at 1113.  Thus, defendant Bill Davis has failed to meet his burden of establishing a basis for federal jurisdiction over this action.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the San Joaquin County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\fnma-davis1159.ud.f&rs